# Kensington Mfg. Co. v. Thermal Seal Window Corp., Inc.

*Richard E. Santee*, for plaintiff.
*Joseh R. Pozzuolo*, for defendants.

DIEFENDERFER, *J.*, November, 30, 1981— This matter is before the court pursuant to defendant's preliminary objections in the form of a motion to strike for plaintiff's improper verification to its complaint and plaintiff's motion for sanctions in the form of attorney's fees and defendant's counter petition for counsel fees. Oral argument was heard by this court on October 28, 1981.

Plaintiff originally brought an action in assumpsit against defendant for an unpaid and outstanding account. The affidavit accompanying the complaint was taken by the credit manager of Jones & Brown, Inc. Plaintiff alleges in paragraph 2 that Kensington Manufacturing Co., is a subsidiary of Jones & Brown, Inc. Paragraphs 2 and 3 of the complaint explain the relationship between the two corporations as well as the fact that Jones & Brown, Inc. is responsible for the collection of

outstanding accounts of Kensington Manufacturing Company.

Defendant filed a praecipe for argument in the matter of his preliminary objections in September for the December argument list even though the October list was still open.

Plaintiff contends defendant's preliminary objection is without merit and that defendant's conduct was dilatory and that accordingly, plaintiff should be awarded counsel fees pursuant to the Judicial Code, 42 Pa.C.S.A. §2503. Defendant's counter petition raises similar arguments.

Pa.R.C.P. 1024(c) provides:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

Defendant has argued that since the complaint was verified by a Wayne W. Herrod, "Credit Manager of Jones and Brown, Inc." the verification is insufficient under Pa.R.C.P. 1024 and cites for authority H.I.S. Sportswear v. Cohen, 62 D. & C. 2d 559 (1973). In that case the complaint was verified by an individual identified as the "Collection Manager" of Henry I. Siegel Company and no attempt was made to explain the disparity. However, in this case the plaintiff has explained the disparity. Plaintiff, Kensington Manufacturing Company, is a subsidiary of Jones and Brown, Inc. and the responsibility for the collection of the accounts of Ken-

sington Manufacturing Company rests with Jones and Brown, Inc. This court feels this is sufficient explanation to comply with Pa.R.C.P. 1024 and plaintiff's verification is sufficient.

Counsel fees are denied for both parties.

## ORDER

Now, November 30, 1981, defendant's preliminary objections are dismissed. Defendant is given 20 days from service of this order to file a responsive pleading to plaintiff's complaint.

Counsel fees are denied for both parties.